ac_v_adel_fed_lawsuit_complaint_nov_2021_22.indd

___ FILED          ___ LODGED
___ RECEIVED       ___ COPY

NOV 2 3 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Anthony Camboni
P.O. Box 5565
Sun City West, Arizona
85376
Tel: (480) 239-3653
AJosephEsq@Yahoo.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**Anthony Camboni**

          **Plaintiff**

      **v.**

**Allister Adel; John Doe Adel; Timothy J. Thomason; Jane Doe Thomason; Kathleen "Katie" Hobbs; John Doe Hobbs; STATE OF ARIZONA; MARICOPA COUNTY; et al**

      **Defendants**

Case No.: **CV21-01996-PHX-MHB**

**COMPLAINT**
**(1.) VIOLATION OF ARIZONA REVISED STATUTES**
**(2.) VIOLATION OF ARIZONA CONSTITUTION - ARTICLE II. DECLARATION OF RIGHTS 4. DUE PROCESS OF LAW**
**(3.) VIOLATION OF UNITED STATES CONSTITUTION - AMENDMENT XIV - DUE PROCESS OF LAW**
**(4.) VIOLATION OF ARIZONA CONSTITUTION - ARTICLE II. DECLARATION OF RIGHTS 21. FREE AND EQUAL ELECTIONS**
**(5.) VIOLATION OF ARIZONA CONSTITUTION - ARTICLE II. DECLARATION OF RIGHTS 32. CONSTITUTIONAL PROVISIONS MANDATORY**
**(6.) VIOLATION OF ARIZONA CONSTITUTION - ARTICLE II.**

**DECLARATION OF RIGHTS - 5.
RIGHT OF PETITION AND OF
ASSEMBLY
(7.) VIOLATION OF UNITED
STATES CONSTITUTION -
AMENDMENT I - RIGHT TO
PETITION
(8.) NEGLIGENCE - ARIZONA
COMMON LAW
(9.) BREACH OF THE IMPLIED
COVENANT OF GOOD FAITH
AND FAIR DEALING - ARIZONA
COMMON LAW**

**Jury Trial Respectfully Demanded**

## I. INTRODUCTION

1.      Plaintiff Anthony Camboni ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, seeking damages to remedy violations of Anthony Camboni's rights secured by the Petition Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

2.      Plaintiff brings this action seeking damages to remedy violations of Plaintiff's rights secured by the Constitution of the State of Arizona ARTICLE II. Section 4, ARTICLE II. Section 21, ARTICLE II. Section 32,  and ARTICLE II. Section 5.

3.      Plaintiff brings this action seeking damages to remedy violations of Anthony Camboni's rights secured by Arizona Revised Statutes.

4.      Plaintiff brings this action seeking damages to remedy violations of Anthony Camboni's rights secured by the Common Law. Plaintiff Anthony Camboni seeks damages for negligence, breach of the implied covenant of good

faith and fair dealing, pursuant to Arizona common law.

5.       Plaintiff brings this Complaint against the above-named Defendants, their Employees, Agents, Officers, and successors in office, and in support thereof alleges the following, upon information and belief.

6.       This is a civil rights action demanding monetary damages from Defendants for depriving Plaintiff of rights. Plaintiff seeks monetary damages for damage caused by Defendants. Plaintiff seeks to compel Defendants' response.

7.       Plaintiff brings this case against Defendant Allister Adel, Defendant John Doe Adel, Defendant Timothy J. Thomason, Defendant Jane Doe Thomason, Defendant Kathleen "Katie" Hobbs, and Defendant John Doe Hobbs, in their personal capacities.

8.       Plaintiff brings this case against Defendant Allister Adel, Defendant Timothy J. Thomason, and Defendant Kathleen "Katie" Hobbs, in their professional capacities.

9.       Plaintiff brings this case against Defendants State of Arizona, and Maricopa County, as means to prevent the aforementioned, and Employees / Agents / Officers of same, from engaging in conduct violative of the Constitution for the United States, the Constitution of the State of Arizona, Arizona Revised Statutes, and the Common Law.

10. Defendants State of Arizona, and Maricopa County, by and through Agents / Employees / Officers, have engaged in a pattern of conduct designed to violate civil rights, Arizona Revised Statutes, and the Common Law. Plaintiff respectfully demands a Jury Trial. Plaintiff's demand for trial by jury is supported by F.R.C.P. Rule 38. Right to a jury trial, and the Constitution for the United States Amendment VII.

-----

**FRCP**
**Rule 38. Right to a Jury Trial; Demand**
(a) Right Preserved. The right of trial by jury as declared by the
Seventh Amendment to the Constitution—or as provided by a

<u>federal statute—is preserved to the parties inviolate.</u>

-----

**<u>United States Constitution</u>**
**<u>Amendment VII</u>**
<u>In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.</u>

-----

## II. JURISDICTION AND VENUE

11. This action, in which the State of Arizona is a Defendant, arises under the Constitution and laws of the United States, the Constitution and laws of the State of Arizona, and Common Law.

12. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983 and 1988, and common law. This Court possesses proper subject matter and personal jurisdiction over the Parties. Venue is appropriate in this district.

13. Supplemental jurisdiction over pendant state law claims is proper pursuant to 28 U.S.C. § 1367(a), and Common Law.

14. Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and because this is the judicial district in which Plaintiff resides.

## III. PARTIES

15. Anthony Camboni is the Plaintiff. Anthony Camboni was / is a Candidate seeking the Office of Maricopa County Attorney in the November 03, 2020 General Election. Plaintiff is a resident of the State of Arizona.

16. Defendant Allister Adel occupies the Office of Maricopa County Attorney. Defendant John Doe Adel is the Husband of Defendant Allister Adel, Defendant Timothy J. Thomason is a Maricopa County Superior Court Judge.

Defendant Jane Doe Thomason is the Wife of Defendant Timothy J. Thomason. Defendant Kathleen "Katie" Hobbs is Arizona Secretary of State. Defendant John Doe Hobbs is the Husband of Defendant Kathleen "Katie" Hobbs. The aforementioned Defendants are citizens of, and reside in, Arizona.

17.  Defendant State of Arizona is the 48th state operating under the Constitution for the United States, and the Constitution of the State of Arizona. The actions of Officers, Employees, and Agents of Defendant State of Arizona are at all times relevant. The actions of Officers, Employees, and Agents of Defendant Maricopa County are at all times relevant. The events described, herein, took place in Maricopa County.

### IV. NATURE OF THE CASE

18.  This case seeks to protect, and vindicate, fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth Amendments, to The United States Constitution, and Article II. Section 4, Article II. Section 5, Article II. Section 21, Article II. Section 32, of the Constitution of the State of Arizona, Arizona Common Law, and Arizona Revised Statutes 16-673 / 16-674 / 16-676.

19.  By and through the Constitution for the United States, Citizens are guaranteed rights. The First Amendment guarantees the right to petition the Government for a redress of grievances to all state governments, agencies, and courts. Maricopa County, and the State of Arizona, by and through agencies and courts, have violated Plaintiff's First Amendment right to petition.

-----

**petition** (noun)

1. a formal application in writing made to a court or other official body requesting judicial action of some character.

2. a formal written request to a court for an order of the court. It is distinguished from a complaint in a lawsuit which asks for damages and/or performance by the opposing party.

-----

Anthony Camboni  5

20.    The Fourteenth Amendment extends the protection of due process of law to all state governments, agencies, and courts. Defendants Maricopa County, and the State of Arizona, by and through agencies and courts, have violated Plaintiff's Fourteenth Amendment rights.

21.    Defendants have committed acts, under color of law, with the intent, and for the purpose, of depriving Plaintiff of rights secured under the Constitution and laws of the United States, and the State of Arizona, retaliating against Plaintiff for exercising Plaintiff's rights, and for refusing or neglecting to prevent such deprivations and denials.

22.    Plaintiff's Complaint concerns:

( a. ) Deprivation of Plaintiff's rights;

( b. ) Violation of the Constitution for the United States;

( c. ) Violation of the Constitution of the State of Arizona;

( d. ) Violation of sworn oaths;

( e. ) Violation of the Common Law;

( f. ) Violation of Arizona Revised Statutes.

by Defendants.

23.    Plaintiff files this lawsuit to stop Defendants' misconduct, and misuse of judicial process; to recover compensatory, punitive, exemplary, and treble damages, and to obtain injunctive and other equitable relief.

24.    Under Arizona law, punitive damages may be awarded when the acts reflect an "evil mind." Rawlings v. Apodaca, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986); Linthicum v. Na 723 P.2d 675, 680 (1986).

25.    Defendants' actions were done intentionally, and with malice, and/or such reckless disregard for the rights of Plaintiff, such that malice can be presumed, thus making this claim appropriate for punitive damages.

26. Plaintiff demands an award of compensatory, punitive, exemplary, and treble damages, in an amount to be determined by the jury so as to punish and

discourage Defendants from engaging in such conduct in the future. Plaintiff will present evidence and testimony supportive of Plaintiff's allegations.

## V. ALLEGATIONS COMMON TO ALL COUNTS

27.     Plaintiff, Anthony Camboni, was / is a Candidate for the Office of Maricopa County Attorney in the November 03, 2020 General Election.

28.     Plaintiff prepared a petition challenging the result of the November 03, 2020 election for the Office of Maricopa County Attorney.

29.     December 05, 2020, Plaintiff deposited Plaintiff's petition (Contest of a County Election) with a Maricopa County Superior Court. Plaintiff deposited the petition as means to ensure the petition was filed in Maricopa County Superior Court. Plaintiff possesses a **COPY** of Plaintiff's "date-stamped" petition.

30.     Judge Timothy J. Thomason interfered in the election for the Office of Maricopa County Attorney. Judge Timothy J. Thomason acted to prevent Plaintiff's petition from being filed in Maricopa County Superior Court.

31. Judge Timothy J. Thomason issued a December 15, 2020 "Minute Entry" denying Plaintiff's right of petition.

32.     Judge Timothy J. Thomason's interference in the November 03, 2020 election for the Office of Maricopa County Attorney prevented Plaintiff's petition from being filed in Maricopa County Superior Court.

33.     Judge Timothy J. Thomason's interference in the November 03, 2020 election for the Office of Maricopa County Attorney caused deprivation of Plaintiff's rights. Judge Timothy J. Thomason deprived Plaintiff of rights set forth in the Constitution for the United States, and the Constitution of the State of Arizona.

34.     Judge Timothy J. Thomason's interference in the November 03, 2020 election for the Office of Maricopa County Attorney caused deprivation of Plaintiff's right of petition. By and through deprivation of Plaintiff's right of petition, Judge Timothy J. Thomason deprived Plaintiff of the right to due process of law.

35.     Maricopa County Judge - Defendant Timothy J. Thomason - was aware, or should have been aware, denial of the right to petition, and denial of the right to due process of law, is a violation of the Constitution for the United States, and the Constitution of the State of Arizona.

36.     Judge Timothy J. Thomason violated:

( a. ) Plaintiff's right to due process of law - Arizona Constitution - Article II - Section 4. Due Process Of Law;

( b. ) Plaintiff's right to due process of law - United States Constitution - Amendment XIV - Due Process Of Law;

( c. ) Plaintiff's right to free and equal elections - Arizona Constitution - Article II - Section 21. Free And Equal Elections;

( d. ) Plaintiff's right of petition and of assembly - Arizona Constitution - Article II - Section 5. Right of petition and of assembly;

( e. ) Plaintiff's right to petition - United States Constitution - Amendment I - Right To Petition;

( f. ) Arizona Constitution - Article II - Section 32. Constitutional Provisions Mandatory;

( g. ) Arizona Revised Statutes - ARS 16-674 / ARS 16-676.

37.     Defendant Judge Timothy J. Thomason prevented Defendant Maricopa County from acting in accordance with ARS 16-674 / ARS 16-676.

38.     Maricopa County Superior Court did not:

( a. ) Set a time for the hearing required by ARS 16-674 / ARS 16-676;

( b. ) Hear and determine all issues arising in the contested election for the Office of Maricopa County Attorney;

( c. ) Hear the proofs and allegations of the parties;

Anthony Camboni  8

( d. ) File the Court's findings.

( e. ) Pronounce judgment;

( f. ) Confirm the election for the Office of Maricopa County Attorney;

( g. ) Set aside the election for the Office of Maricopa County Attorney.

39.     Judge Timothy J. Thomason's deprivation of Plaintiff's rights aided Defendant Allister Adel.

40.     Arizona Secretary of State - Defendant Kathleen "Katie" Hobbs - declared Allister Adel elected to the Office of Maricopa County Attorney. Defendant Kathleen "Katie" Hobbs was aware, or should have been aware, Plaintiff contested the November 03, 2020 election for the Office of Maricopa County Attorney.

41.     Defendant Allister Adel was declared elected to the Office of Maricopa County Attorney, prior to resolution of the November 03, 2020 election for the Office of Maricopa County Attorney. Defendant Allister Adel was aware, or should have been aware, Plaintiff contested the November 03, 2020 election for the Office of Maricopa County Attorney.

42.     Defendant Allister Adel currently occupies the Office of Maricopa County Attorney. Upon information and belief, the Office of Maricopa County Attorney has failed to conducted any inquiry / investigation, concerning election irregularities / election fraud / voter fraud.

43.     Defendant Allister Adel, and Defendant John Doe Adel, receive financial and personal benefits resulting from Defendant Allister Adel's occupancy of the Office of Maricopa County Attorney.

44.     Upon information and belief, the Office of Maricopa County Attorney has failed to conduct any inquiry / investigation, concerning deprivation

of Plaintiff's right to file Plaintiff's petition.

45.     Plaintiff's petition - Contest of Election - concerns Defendant Allister Adel's questionable election and occupancy of the Office of Maricopa County Attorney.

46.     Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial. Plaintiff respectfully demands a Jury Trial. Plaintiff brings this action, and alleges as follows:

## FIRST CAUSE OF ACTION
### Violation Of Arizona Revised Statutes

47.  Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

48.     December 05, 2020, Plaintiff deposited a petition in a Maricopa County Superior Court. Plaintiff deposited the petition, as means to ensure the petition was filed in Maricopa County Superior Court. Maricopa County Superior Court Judge - Defendant Timothy J. Thomason -  received Plaintiff's petition. Defendant Timothy J. Thomason **prevented Plaintiff's petition from being filed** in Maricopa County Superior Court.

49.     Plaintiff's petition, a Contest of a County Election, was deposited in a Maricopa County Superior Court in accordance with ARS 16-673 / ARS 16-674 / ARS 16-676.

50.     December 15, 2020, Judge Timothy J. Thomason issued a "Minute Entry". Page one ( 1 ) of the "Minute Entry" states, "*This matter is dismissed.*". Judge Timothy J. Thomason prevented the filing of Plaintiff's petition, and "*dismissed*" the "*matter*". Judge Timothy J. Thomason failed to act in accordance with ARS 16-674 / ARS 16-676.

------------------------------

**Arizona Revised Statutes**
**16-674. Contest of county or other election**
A. An elector of a county, city, town or a political subdivision of such county, city or town, may contest the right of a person declared elected to an office to be exercised therein, or declared nominated to an office at a primary election, or a question, proposal, measure or proposition submitted to and voted on by the electors on the same grounds and in the same manner as contests of election to a state office or question, proposal, measure or proposition submitted to the vote of the electors of the state.

B. The contest may be brought in the superior court of the county in which the elector resides. If the contest involves an office voted on by the electors, the summons shall be served upon the contestee, or, if the contest involves a question, proposal, measure or proposition voted on, then the summons shall be served upon the person upon whom summons in a civil action against the county, city, town or subdivision affected is served.

------------------------------

**Arizona Revised Statutes**
**ARS 16-676. Time for hearing contest; continuance; findings of the court; judgment**
A. In any contest brought under the provisions of section 16-672 or 16-674, upon the filing of the answer, or if no answer is filed, upon the expiration of the time specified in the summons, **the court shall set a time for the hearing of the contest, not later than ten days after the date on which the statement of contest was filed,** which may be continued for not to exceed five days for good cause shown.

B. The court **shall continue in session to hear and determine all issues arising in contested elections**. After **hearing the proofs and allegations of the parties**, and within five days **after the submission thereof**, the court shall file its findings and **immediately thereafter shall pronounce judgment**, either confirming or annulling and setting aside the election.

C. If in an election contest it appears that **a person other than the contestee** has the **highest number of legal votes, the court shall declare that person elected and that the certificate of election of the person whose office is contested is of no further legal force or effect.**

-------------------------------

51.     Judge Timothy J. Thomason caused deprivation of Plaintiff's rights. As a result of Judge Timothy J. Thomason's deprivation of Plaintiff's rights, the hearing required by ARS 16-674 / ARS 16-676 was not scheduled, or conducted.

52.     As a result of Judge Timothy J. Thomason's deprivation of Plaintiff's rights, and failure to act in accordance with ARS 16-674 / ARS 16-676, the Superior Court did not:

( a. ) Set a time for the hearing required by ARS 16-674 / ARS 16-676;

( b. ) Hear and determine all issues arising in the contested election for the Office of Maricopa County Attorney;

( c. ) Hear the proofs and allegations of the parties;

( d. ) File the Court's findings.

( e. ) Pronounce judgment;

( f. ) Confirm the election for the Office of Maricopa County Attorney;

( g. ) Set aside the election for the Office of Maricopa County Attorney.

53.     Judge Timothy J. Thomason caused violation of ARS 16-674 / ARS 16-676 to occur, when Defendant (Judge) Timothy J. Thomason:

( a. ) Interfered in the November 03, 2020 election for the Office of Maricopa County Attorney;

( b. ) Prevented the filing of Plaintiff's petition - Contest of Election;

( c. ) Prevented the hearing required by ARS 674 / ARS 16-676 from being scheduled, and conducted;

( d. ) Demonstrated bias favoring Defendant Allister Adel;

( e. ) Ensured Allister Adel would be declared elected to the Office of Maricopa County Attorney, prior to filing, and adjudication of Plaintiff's Contest of Election.

54.      Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from Judge Timothy J. Thomason's failure to act in accordance with Arizona Revised Statutes.

55.      Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

## SECOND CAUSE OF ACTION
### Violation Of Arizona Constitution
### ARTICLE II. Declaration of Rights 4. Due process of law

56.      Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

57.      Defendant Timothy J. Thomason serves as a Maricopa County Superior Court Judge. Judge Timothy J. Thomason deprived Plaintiff of protections and liberties guaranteed to the people of the State of Arizona, by Arizona's Constitution.

58.      Judge Timothy J. Thomason violated Article II. Section 4. of the Constitution of the State of Arizona. Judge Timothy J. Thomason violated Plaintiff's rights, as set forth in the Constitution of the State of Arizona - Article II. Declaration of Rights 4. Due process of law.

--------

**Arizona Constitution**
**ARTICLE II. DECLARATION OF RIGHTS**
4. Due process of law
Section 4. No person shall be deprived of life, liberty, or property
without due process of law.

--------

59.        December 05, 2020, Plaintiff deposited a petition in a Maricopa County Superior Court. Plaintiff deposited the petition, as means to ensure the petition was filed in Maricopa County Superior Court. Maricopa County Superior Court Judge - Defendant Timothy J. Thomason -  received Plaintiff's petition. Defendant Timothy J. Thomason **prevented Plaintiff's petition from being filed** in Maricopa County Superior Court.

60.        December 15, 2020, Judge Timothy J. Thomason issued a "Minute Entry". Page one ( 1 ) of the "Minute Entry" states, "*This matter is dismissed.*". Judge Timothy J. Thomason prevented Plaintiff from filing Plaintiff's petition, and "*dismissed*" the "*matter*", which denied Plaintiff's right to receive due process of law.

61.        Judge Timothy J. Thomason failed to act in accordance with ARS 16-674 / ARS 16-676. Judge Timothy J. Thomason failed to schedule and conduct the hearing required under ARS 16-674 / ARS 16-676. Judge Timothy J. Thomason's failure to act in accordance with ARS 16-674 / ARS 16-676 deprived Plaintiff of the right to receive due process of law.

62.        Judge Timothy J. Thomason owed a duty to act in accordance with Article II. Section 4. of the Constitution of the State of Arizona. Judge Timothy J. Thomason failed to act in accordance with Article II. Section 4. of the Constitution of the State of Arizona. Judge Timothy J. Thomason deprived Plaintiff of the right to due process of law.

63.        The State of Arizona, Maricopa County, and Judge Timothy J.

Thomason, are responsible for damage resulting from deprivation of Plaintiff's right to due process of law.

64.     Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from deprivation of Plaintiff's right to due process of law. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

### THIRD CAUSE OF ACTION
### Violation Of United States Constitution
### Amendment XIV - Due Process Of Law

65.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

66.     Defendant Timothy J. Thomason serves as a Maricopa County Superior Court Judge. Judge Timothy J. Thomason deprived Plaintiff of protections and liberties guaranteed to the people of the United States by the United States Constitution.

67.     Judge Timothy J. Thomason violated Amendment XIV of the Constitution for the United States. Judge Timothy J. Thomason violated Plaintiff's rights, as set forth in the Constitution for the United States - Amendment XIV.

--------

### United States Constitution
### Amendment XIV
### Section 1
All persons born or naturalized in the United States, and subject
to the jurisdiction thereof, are citizens of the United States and of
the state wherein they reside. No state shall make or enforce any
law which shall abridge the privileges or immunities of citizens
of the United States; nor shall any state deprive any person of
life, liberty, or property, without due process of law; nor deny to
any person within its jurisdiction the equal protection of the laws.

--------

68.     December 05, 2020, Plaintiff deposited a petition in a Maricopa County Superior Court. Plaintiff deposited the petition as means to ensure the petition was filed in Maricopa County Superior Court. Maricopa County Superior Court Judge - Defendant Timothy J. Thomason - received Plaintiff's petition. Defendant Timothy J. Thomason **prevented Plaintiff's petition from being filed** in Maricopa County Superior Court.

69.     December 15, 2020, Judge Timothy J. Thomason issued a "Minute Entry". Page one ( 1 ) of the "Minute Entry" states, "*This matter is dismissed.*". Judge Timothy J. Thomason prevented Plaintiff from filing Plaintiff's petition, and "*dismissed*" the "*matter*", which denied Plaintiff's right to receive due process of law.

70.     Judge Timothy J. Thomason owed a duty to act in accordance with Amendment XIV of the Constitution for the United States. Judge Timothy J. Thomason failed to act in accordance with Amendment XIV of the Constitution for the United States. Judge Timothy J. Thomason deprived Plaintiff of the right to due process of law.

71.     Judge Timothy J. Thomason failed to act in accordance with ARS 16-674 / ARS 16-676. Judge Timothy J. Thomason failed to schedule and conduct the hearing required under ARS 16-674 / ARS 16-676. Judge Timothy J. Thomason's failure to act in accordance with ARS 16-674 / ARS 16-676 deprived Plaintiff of the right to receive due process of law.

72.     The State of Arizona, Maricopa County, and Judge Timothy J. Thomason, are responsible for damage resulting from deprivation of Plaintiff's right to due process of law.

73.     Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from deprivation of Plaintiff's right to due process of law. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

## FOURTH CAUSE OF ACTION
### Violation Of Arizona Constitution
### ARTICLE II. DECLARATION OF RIGHTS 21. Free and equal elections

74.	Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

75.	The right to vote is often referred to as the "active right to vote", or "active suffrage". The right to run for office is often referred to as the "passive right to vote", or "passive suffrage".

76.	Defendants State of Arizona, Maricopa County, Kathleen "Katie" Hobbs, Allister Adel, and Judge Timothy J. Thomason have wrongfully / illegally denied Plaintiff's free exercise of the right of suffrage".

77.	Plaintiff was / is a Candidate for the Office of Maricopa County Attorney, in the November 03, 2020 general election. December 05, 2020, Plaintiff deposited a petition in a Maricopa County Superior Court. Plaintiff's petition concerned the outcome the November 03, 2020 election for the Office of Maricopa County Attorney.

78.	Plaintiff's petition included the text of :
> ( a. ) ARS 16-673;
> ( b. ) ARS 16-674;
> ( c. ) ARS 16-676;
> ( d. ) ARS 11-531;
> ( e. ) Arizona Constitution - Article VII - Section 7.

79.	Plaintiff's petition  - Contest of Election - was deposited in a Maricopa County Superior Court, as means to ensure the petition was filed in Maricopa County Superior Court. The Superior Court was required to "*set a time for the hearing of the contest, not later than ten days after the date on which the statement of contest was filed*".

80.	Maricopa County Superior Court Judge - Defendant Timothy J. Thomason - received Plaintiff's petition. Defendant Timothy J. Thomason **prevented**

**Plaintiff's petition from being filed** in Maricopa County Superior Court.

81.     December 15, 2020, Judge Timothy J. Thomason issued a "Minute Entry". Page one ( 1 ) of the "Minute Entry" states, "*This matter is dismissed.*". Judge Timothy J. Thomason prevented the filing of Plaintiff's petition, and "*dismissed*" the "*matter*", which deprived Plaintiff of the right to free and equal elections.

82.     Judge Timothy J. Thomason interfered in the November 03, 2020 election for the Office of Maricopa County Attorney. Judge Timothy J. Thomason deprived Plaintiff of the right to contest the November 03, 2020 election for the Office of Maricopa County Attorney. Judge Timothy J. Thomason deprived Plaintiff of the right of suffrage.

83.     Interference by Judge Timothy J. Thomason caused deprivation of Plaintiff's right to free exercise of the right of suffrage. Judge Timothy J. Thomason's interference caused deprivation of Plaintiff's right to free and equal elections - Arizona's Constitution -  Article II - Section 21. Judge Timothy J. Thomason possessed no authority to interfere, or prevent the free exercise of the right of suffrage. Plaintiff was deprived of protections and liberties guaranteed to the people of the State of Arizona.

--------

**Constitution of The State of Arizona**
**ARTICLE II. DECLARATION OF RIGHTS**
**21. Free and equal elections**
Section 21. All elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.

--------

84.     Judge Timothy J. Thomason failed / refused to act in accordance with the Constitution of the State of Arizona - Article II - Section 21. Free and equal elections. Judge Timothy J. Thomason failed / refused to act in accordance with ARS 16-674 / ARS 16-676. Judge Timothy J. Thomason's failure / refusal to act in accordance with  Article II - Section 21 - of Arizona's Constitution, and ARS 16-

674 / ARS 16-676 prevented Plaintiff's petition - Contest of Election - from being filed and adjudicated in accordance with ARS 16-674 / ARS 16-676.

85.　　As a result of Judge Timothy J. Thomason's deprivation of Plaintiff's right to free and equal elections, the hearing required by ARS 16-674 / ARS 16-676 was not scheduled, or conducted.

86.　　As a result of Judge Timothy J. Thomason's deprivation of Plaintiff's right to free and equal elections, the Superior Court did not:

( a. ) Set a time for the hearing required by ARS 16-674 / ARS 16-676;

( b. ) Hear and determine all issues arising in the contested election for the Office of Maricopa County Attorney;

( c. ) Hear the proofs and allegations of the parties;

( d. ) File the Court's findings.

( e. ) Pronounce judgment;

( f. ) Confirm the election for the Office of Maricopa County Attorney;

( g. ) Set aside the election for the Office of Maricopa County Attorney.

87.　　Arizona Secretary of State - Defendant Kathleen "Katie" Hobbs - declared Allister Adel elected to the Office of Maricopa County Attorney. Defendant Allister Adel was declared elected to the Office of Maricopa County Attorney, prior to resolution of the November 03, 2020 election for the Office of Maricopa County Attorney. Defendant Kathleen "Katie" Hobbs was aware, or should have been aware, Plaintiff contested the November 03, 2020 election for the Office of Maricopa County Attorney.

88.　　Defendant Allister Adel was declared elected to the Office of Maricopa County Attorney, prior to resolution of the November 03, 2020 election

for the Office of Maricopa County Attorney. Defendant Allister Adel was aware, or should have been aware, Plaintiff contested the November 03, 2020 election for the Office of Maricopa County Attorney. Defendant Allister Adel continues to wrongfully occupy the Office of Maricopa County Attorney.

89. Defendants State of Arizona, Maricopa County, Kathleen "Katie" Hobbs, Allister Adel, and Judge Timothy J. Thomason, owed a duty to ensure the November 03, 2020 election for the Office of Maricopa County Attorney was conducted in accordance with the Constitution of the State of Arizona, and Arizona Revised Statutes.

90. Defendants State of Arizona, Maricopa County, Kathleen "Katie" Hobbs, Allister Adel, and Judge Timothy J. Thomason, failed to ensure the November 03, 2020 election for the Office of Maricopa County Attorney was conducted in accordance with the Constitution of the State of Arizona, and Arizona Revised Statutes.

91. Plaintiff suffered, and continues to suffer, damage resulting from deprivation of Plaintiff's rights. Defendants State of Arizona, Maricopa County, Kathleen "Katie" Hobbs, Allister Adel, and Judge Timothy J. Thomason, are responsible for damage resulting from deprivation of Plaintiff's right to free and equal elections, and denial of Plaintiff's right of suffrage.

92. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

### FIFTH CAUSE OF ACTION
#### Violation Of Arizona Constitution
### ARTICLE II.  DECLARATION OF RIGHTS
#### 32. Constitutional provisions mandatory

93. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

94.     Provisions set forth in the Constitution of the State of Arizona are mandatory.

--------

**ARTICLE II. DECLARATION OF RIGHTS**
**32. Constitutional provisions mandatory**
Section 32. The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise.

--------

Article II - Section 21 - Free and equal elections - is mandatory.

--------

**Constitution of The State of Arizona**
**ARTICLE II. DECLARATION OF RIGHTS**
**21. Free and equal elections**
Section 21. All elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.

--------

95.     Judge Timothy J. Thomason interfered in the November 03, 2020 election. Judge Timothy J. Thomason's interference in the November 03, 2020 election deprived Plaintiff of the right to free and equal elections. Judge Timothy J. Thomason deprived Plaintiff of the right to contest the November 03, 2020 election for the Office of Maricopa County Attorney. Judge Timothy J. Thomason's interference deprived Plaintiff of the free exercise of the right of suffrage.

96.     Judge Timothy J. Thomason's interference in the November 03, 2020 election violated  Article II. Declaration of Rights - 21. Free and equal elections - Constitution of the State of Arizona. Judge Timothy J. Thomason was aware, or should have been aware, Article II. - Section 21. - of the Constitution of the State of Arizona is mandatory.

97.     Judge Timothy J. Thomason owed a duty to act in accordance with the Constitution of the State of Arizona, and Arizona Revised Statutes. Judge

Timothy J. Thomason failed to act in accordance with the Constitution of the State of Arizona, and Arizona Revised Statutes.

98. Plaintiff was deprived of protections and liberties guaranteed to the people of the State of Arizona. Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from deprivation of Plaintiff's rights. Defendants State of Arizona, Maricopa County, and Timothy J. Thomason, are responsible for damage resulting from deprivation of Plaintiff's mandatory right to free and equal elections.

99. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

## SIXTH CAUSE OF ACTION
### Violation Of Arizona Constitution
### ARTICLE II. Declaration of Rights 5. Right of petition and of assembly

100. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

101. Defendant Timothy J. Thomason serves as a Maricopa County Superior Court Judge. Judge Timothy J. Thomason deprived Plaintiff of protections and liberties guaranteed to the people of the State of Arizona, by Arizona's Constitution.

102. Judge Timothy J. Thomason violated Article II. Section 5. of the Constitution of the State of Arizona. Judge Timothy J. Thomason violated Plaintiff's rights, as set forth in the Constitution of the State of Arizona - Article II. Declaration of Rights 5. Right of petition and assembly.

--------

**Arizona Constitution**
**ARTICLE II. DECLARATION OF RIGHTS**
**5. Right of petition and of assembly**
Section 5. The right of petition and of the people peaceably to assemble for the common good, shall never be abridged.

--------

**petition** (noun)
<u>1. a formal application in writing made to a court or other official body requesting judicial action of some character.</u>
<u>2. a formal written request to a court for an order of the court. It is distinguished from a complaint in a lawsuit which asks for damages and/or performance by the opposing party.</u>

--------

103.     December 05, 2020, Plaintiff deposited a petition in a Maricopa County Superior Court. Plaintiff deposited the petition, as means to ensure the petition was filed in Maricopa County Superior Court.

104.     Maricopa County Superior Court Judge - Defendant Timothy J. Thomason - received Plaintiff's petition. Defendant Timothy J. Thomason **prevented Plaintiff's petition from being filed** in Maricopa County Superior Court.

105.     December 15, 2020, Judge Timothy J. Thomason issued a "Minute Entry". Page one ( 1 ) of the "Minute Entry" states, "*This matter is dismissed.*". Judge Timothy J. Thomason prevented Plaintiff from filing Plaintiff's petition, and "*dismissed*" the "*matter*", which denied Plaintiff's right of petition.

106.     Judge Timothy J. Thomason owed a duty to act in accordance with the Constitution for the United States, the Constitution of the State of Arizona, and Arizona Revised Statutes. Judge Timothy J. Thomason failed to fulfill the duties of a Member of Arizona's Judicial Branch, and those of a Maricopa County Superior Court Judge.

107.     The State of Arizona, Maricopa County, and Judge Timothy J. Thomason, are responsible for damage resulting from deprivation of Plaintiff's right of petition.

108.     Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from deprivation of Plaintiff's right of petition. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

## SEVENTH CAUSE OF ACTION
### Violation Of United States Constitution - Amendment I - Right To Petition

109.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

110.     Defendant Timothy J. Thomason serves as a Maricopa County Superior Court Judge. Judge Timothy J. Thomason deprived Plaintiff of protections and liberties guaranteed to the people of the United States by the United States Constitution.

111.     Judge Timothy J. Thomason violated Amendment I of the Constitution for the United States. Judge Timothy J. Thomason violated Plaintiff's rights, as set forth in the Constitution for the United States - Amendment I.

--------

### United States Constitution
### Amendment I
Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and petition the Government for a redress of grievances.

--------

**petition** (noun)
1. a formal application in writing made to a court or other official body requesting judicial action of some character.
2. a formal written request to a court for an order of the court. It is distinguished from a complaint in a lawsuit which asks for damages and/or performance by the opposing party.

--------

112.     December 05, 2020, Plaintiff deposited a petition in a Maricopa County Superior Court. Plaintiff deposited the petition, as means to ensure the petition was filed in Maricopa County Superior Court.

113.     Maricopa County Superior Court Judge - Defendant Timothy J. Thomason - received Plaintiff's petition. Defendant Timothy J. Thomason **prevented**

Anthony Camboni  24

**Plaintiff's petition from being filed** in Maricopa County Superior Court.

114.     December 15, 2020, Judge Timothy J. Thomason issued a "Minute Entry". Page one ( 1 ) of the "Minute Entry" states, "*This matter is dismissed.*". Judge Timothy J. Thomason prevented Plaintiff from filing Plaintiff's petition, and "*dismissed*" the "*matter*", which denied Plaintiff's right of petition.

115.     Judge Timothy J. Thomason owed a duty to act in accordance with the Constitution for the United States, the Constitution of the State of Arizona, and Arizona Revised Statutes. Judge Timothy J. Thomason failed to fulfill the duties of a Member of Arizona's Judicial Branch, and those of a Maricopa County Superior Court Judge.

116.     The State of Arizona, Maricopa County, and Judge Timothy J. Thomason, are responsible for damage resulting from deprivation of Plaintiff's right to petition.

117.     Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from deprivation of Plaintiff's right to petition. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

**EIGHTH CAUSE OF ACTION**
**Negligence**
**(Arizona Common Law)**

118.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

119.     The occupant of the Office of Arizona Secretary of State, during the course of the November 03, 2020 election, was Defendant Kathleen "Katie" Hobbs. Arizona Secretary of State - Defendant Kathleen "Katie" Hobbs - acts as Arizona's Chief Election Officer.

120.     Defendant Kathleen "Katie" Hobbs owed a duty to ensure the November 03, 2020 election for the Office of Maricopa County Attorney was

conducted in accordance with the Constitution of the State of Arizona, and Arizona Revised Statutes. Defendant Kathleen "Katie" Hobbs failed to perform the duties of Arizona's Secretary of State. Defendant Kathleen "Katie" Hobbs' negligence caused deprivation of Plaintiff's rights.

121.    Defendant Kathleen "Katie" Hobbs' failure to perform the duties of Arizona's Secretary of State caused, or permitted, deprivation of Plaintiff's rights to occur. Defendant State of Arizona, and Defendant Kathleen "Katie" Hobbs, are responsible for damage resulting from Defendant Kathleen "Katie" Hobbs' negligence.

122.    The occupant of the Office of Maricopa County Attorney, during the course of the November 03, 2020 election, was Defendant Allister Adel. Defendant Allister Adel was / is a candidate for the Office of Maricopa County Attorney in the November 03, 2020 election. Defendant Allister Adel owed a duty to ensure the November 03, 2020 election for the Office of Maricopa County Attorney was conducted in accordance with the Constitution of the State of Arizona, and Arizona Revised Statutes. Defendant Allister Adel failed to perform the duties of Maricopa County Attorney. Defendant Allister Adel's negligence caused deprivation of Plaintiff's rights.

123.    Defendant Allister Adel's failure to perform the duties of Maricopa County Attorney caused, or permitted, deprivation of Plaintiff's rights to occur. Defendants State of Arizona, Maricopa County, and Allister Adel, are responsible for damage resulting from Defendant Allister Adel's negligence.

124.    Upon information and belief, Defendant Allister Adel was hospitalized, and underwent emergency brain surgery on or about November 03, 2020. Upon information and belief, Defendant Allister Adel has sought treatment for "Anxiety", an "Eating Disorder", and "Alcoholism". Upon information and belief, Defendant Allister Adel's issues / disorders / hospitalization / alcoholism / brain damage are contributing factors in Defendant Allister Adel's negligence, and failure to perform the duties of the Office of Maricopa County Attorney.

125.     Plaintiff was deprived of protections and liberties guaranteed to the people of the State of Arizona, by Arizona's Constitution. Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel's negligence.

126.     Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel made conscious, voluntary acts or omissions in reckless disregard of a legal duty, and of the consequences to Plaintiff. Plaintiff may recover exemplary damages.

127.     To establish this claim for negligence, Plaintiff will prove:

>    ( a. ) Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel owed a duty to conform to a certain standard of care;
>
>    ( b. ) Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel breached that standard;
>
>    ( c. ) A connection between Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel's conduct, and the resulting injury exists; and
>
>    ( d. ) Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel's breach caused actual damages to Plaintiff.

128.     Plaintiff Anthony Camboni suffered, and continues to suffer, damage resulting from Defendant Kathleen "Katie" Hobbs, and Defendant Allister Adel's, negligence. Plaintiff will present evidence, and testimony, demonstrating Plaintiff's injury, and loss. Plaintiff seeks damages in an amount to be determined by and through a Jury Trial.

## NINTH CAUSE OF ACTION
### Breach Of The Implied Covenant Of Good Faith And Fair Dealing
### (Arizona Common Law)

129.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length.

130.     Pursuant to Arizona law, the implied agreement between Defendants and Plaintiff included an implied covenant of good faith and fair dealing.

131.     Defendants' actions complained of herein were undertaken by Defendants in bad faith. Defendants' actions complained of herein were undertaken by Defendants with deliberate disregard for the contractual rights of Plaintiff, and thus constitute a breach of the implied covenant of good faith and fair dealing.

132.     Defendants wrongfully and intentionally breached the implied agreement to the detriment of Plaintiff. Defendants injured the rights of Plaintiff to receive the benefits of the implied agreement. Defendants' actions were intentional, willful, wanton, and malicious.

## VI. JURY TRIAL DEMAND

133.     Plaintiff hereby respectfully demands a trial by jury.

## VII. RESPECTFUL DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendants, and each of them, on final trial of this cause, as follows:

( a. ) General, actual, special, and consequential damages, against all Defendants jointly and severally, to the extent permitted under each of Plaintiff's causes of action;

( b. ) Treble, punitive and exemplary damages, against Defendants Allister Adel, Kathleen "Katie" Hobbs, Timothy J. Thomason, State of Arizona, and Maricopa County, where appropriate in an amount to be determined by the jury;

( c. ) Pre-and post-judgment interest as allowed by law;

( d. ) Reasonable costs and fees incurred in bringing this action;

( e. ) Such other relief as the Court deems just and proper.

DATE: ____11____ , ___22___ , __2021__

Respectfully,

_____Anthony Camboni_____

Anthony Camboni

Anthony Camboni  28

The **ORIGINAL** of the foregoing filed this 11th day of November, 2021 with
Clerk of the United States Federal Court
For The District Of Arizona
401 West Washington Street
Phoenix, AZ. 85003

A **COPY** of the foregoing to be served upon Defendants.

STATE OF ARIZONA
c/o Office of Arizona Attorneys' General
1275 West Washington Street
Phoenix, Arizona 85007-2926

MARICOPA COUNTY
c/o Office of Maricopa County Attorney
301 West Jefferson Street, Suite 800
Phoenix, Arizona 85003

Kathleen "Katie" Hobbs, John Doe Hobbs
Office of Arizona Secretary of State
1700 West Washington Street - Fl 7
Phoenix AZ 85007-2808

Allister Adel, John Doe Adel
c/o Office of Maricopa County Attorney
301 West Jefferson Street, Suite 800
Phoenix, Arizona 85003

Judge Timothy J. Thomason, Jane Doe Thomason
c/o Office of Maricopa County Attorney
301 West Jefferson Street, Suite 800
Phoenix, Arizona 85003

Anthony Camboni
P.O. Box 5565
Sun City West, Arizona
85376

_____   11 , 22 , 2021
          Anthony Camboni                        Date

Anthony Camboni  29