**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-21-01996-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Allister Adel, et al., | |
| Defendants. | |

This is the latest in a string of *pro se* lawsuits brought by Anthony Camboni ("Plaintiff") against Arizona government officials (including judges) and Arizona governmental entities. In general, these lawsuits have included claims that (1) a state-court judicial proceeding involving Plaintiff was conducted improperly and/or (2) the result of a particular state-wide election was invalid.

For example, in September 2010, Plaintiff—who described himself as "an adult currently holding dual-citizenship as an Ambassador of God's Kingdom and a Citizen of the United States"—attempted to sue the State of Arizona, Arizona's governor, Arizona's attorney general, and two judges of the Maricopa County Superior Court for, among other things, purportedly "conducting two unlawful, secret trials" without allowing Plaintiff to participate or view the complaint. *Camboni v. State of Arizona et al.*, 10-cv-01903-GMS, Doc. 1. This lawsuit was eventually dismissed without leave to amend. *Id.*, Doc. 31. The dismissal order specifically noted that Plaintiff's claims against the judges were barred by the doctrine of judicial immunity and that Plaintiff's claims against the State of Arizona,

and against state officials sued in their official capacities, were barred by the Eleventh Amendment. *Id.*

In December 2015, Plaintiff attempted to sue a wide array of government officials, including Arizona's governor, Arizona's attorney general, Arizona's secretary of state, and the members of the Arizona Supreme Court, as well as various Arizona governmental entities and quasi-governmental entities. *Camboni v. Brnovich et al.*, 15-cv-02538-JAT, Doc. 1. One of Plaintiff's theories was that the defendants committed "TREASON" in violation of the state and federal constitutions. *Id.*; *see also id*. at Doc. 15. As summarized in a later order, Plaintiff "generally allege[d] a number of claims flowing from two events: (1) a challenge to the 2014 election for the position of Attorney General of the State of Arizona; and (2) the dismissal of a subsequent lawsuit filed in Maricopa County Superior Court. Plaintiff claim[ed] that the various levels of Arizona's judiciary acted improperly in dismissing his state lawsuit and have damaged him, and that Defendant Mark Brnovich, Arizona's Attorney General, was elected illegitimately." *Id.*, Doc. 58 at 2. This lawsuit was eventually dismissed without leave to amend, but only after the many defendants were forced to prepare and file motions to dismiss. *Id.*

In November 2017, Plaintiff filed a new lawsuit in which he again attempted to assert claims against Arizona's governor, Arizona's attorney general, Arizona's secretary of state, and the members of the Arizona Supreme Court. *Camboni v. Brnovich et al.*, 17-cv-04249-DJH, Docs. 1, 6. Although the sprawling 100-page, 22-count amended complaint was not a model of clarity—among other things, it referred to Plaintiff as "A King" and referred to Plaintiff's spouse as Plaintiff's "Wife / property / servant / slave"— it appeared to again be premised on the theory that the election of the Arizona Attorney General was illegal. *Id.*, Doc. 6, at ¶¶ 5-7. This lawsuit was eventually dismissed without leave to amend pursuant to the screening process. *Id.*, Doc. 8.

Also in November 2017, Plaintiff filed a lawsuit in which he attempted, yet again, to assert claims against Arizona's governor, Arizona's attorney general, Arizona's secretary of state, and the members of the Arizona Supreme Court. *Camboni v. McCain et*

*al.*, 17-cv-04443-DLR, Doc. 1. Also added as a defendant in this action was the late U.S. Senator John McCain. *Id.* Plaintiff's apparent theory in this lawsuit, similar to his previous lawsuits, was that an election was invalid. *Id.*, Doc. 7 at 2 ["Notably, one of the exhibits to Plaintiff's filing is a copy of a complaint filed on December 9, 2016 in the Maricopa County Superior Court, in which Plaintiff contested Senator John McCain's November 8, 2017 reelection. In his state court lawsuit, Plaintiff alleged that John McCain was not eligible to appear on the 2016 general election ballot pursuant to Article VII, Section 18 of the Arizona Constitution . . . ."].) This lawsuit was dismissed without leave to amend via the screening process. *Id.*, Doc. 13.

Finally, in September 2019, Plaintiff sued Arizona's governor, Arizona's attorney general, Arizona's secretary of state, and two judges of the Maricopa County Superior Court. *Camboni v. Brnovich et al.*, 19-cv-05091-SPL, Doc. 1. As summarized in a later order, "Plaintiff claim[ed] he was a 'write-in' candidate in the 2018 general election for Arizona Attorney General and was denied the position 'despite receiving the highest number of legal votes.' Plaintiff attempted to challenge the election results in Maricopa County Superior Court." *Id.*, Doc. 16 at 3. This lawsuit was eventually dismissed without leave to amend via the screening process. *Id.*

This lawsuit represents more of the same. Here, Plaintiff has sued the three governmental officials (the Maricopa County Attorney, Arizona's secretary of state, and a judge of the Maricopa County Superior Court) and two governmental entities (the State of Arizona and Maricopa County) under the theory that Plaintiff was a candidate for the office of Maricopa County Attorney during the November 2020 election, Plaintiff thereafter sought to challenge the results of that election by filing an election contest in Maricopa County Superior Court, but the assigned judge "interfered" and "acted to prevent Plaintiff's petition from being filed" before issuing a December 15, 2020 minute entry denying Plaintiff's petition. (Doc. 1 ¶¶ 16-17, 27-34.) Although the lawsuit was only filed a few months ago, it is already generated a slew of docket entries, including the three pending motions by Plaintiff for an extension of time to complete service (Docs. 18, 19, 20) and a

motion by Defendants to postpone their deadline to file an answer or Rule 12 motion until after Plaintiff produces "copies of [the Plaintiff's] December 5, 2020 election petition and the superior court's December 15, 2020 ruling that are at the heart of the Complaint" (Doc. 11).

Given the many similarities between this lawsuit and Plaintiff's unsuccessful earlier lawsuits, and the chaotic nature of the motion practice to date, the Court finds it appropriate to take action. As the Ninth Circuit has recognized, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). Of course, the district court must give notice of its sua sponte intention to dismiss and provide the plaintiff with an opportunity to at least submit a written memorandum in opposition to such motion." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (citations and internal quotation marks omitted).

Here, Plaintiff is ordered to show cause ("OSC") why each of his claims in his complaint should not be dismissed. To make the required OSC showing, Plaintiff must (for each claim and each defendant) (1) identify the elements of the claim, (2) identify the facts alleged in the complaint that would plausibly establish an entitlement to relief, and (3) explain why the various immunity doctrines and other defenses that have been invoked and explained in the orders dismissing his many earlier lawsuits (including judicial immunity and Eleventh Amendment immunity) do not preclude the claims being asserted here. Any service and response deadlines are stayed until the OSC process is resolved.

…
…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's extension requests (Docs. 18, 19, 20) are **denied without prejudice**.

(2) Defendants' extension request (Doc. 11) is **denied without prejudice**.

(3) Any service and response deadlines are **stayed** pending further order of the Court.

(4) Plaintiff must, within 14 days of the issuance of this order, show cause why each of his claims in this action should not be dismissed. To make the required showing, Plaintiff must (for each claim and each defendant) (i) identify the elements of the claim, (ii) identify the facts alleged in the complaint that would plausibly establish an entitlement to relief, and (iii) explain why the various immunity doctrines and other defenses that have been invoked and explained in the orders dismissing his many earlier lawsuits (including judicial immunity and Eleventh Amendment immunity) do not preclude the claims being asserted here.

(5) If Plaintiff does not file the required memorandum within 14 days of the issuance of this order, the Clerk of Court shall dismiss the complaint and enter judgment accordingly.

Dated this 28th day of February, 2022.

Dominic W. Lanza
United States District Judge