**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-21-01996-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Allister Adel, et al., | |
| Defendants. | |

On February 28, 2022, following a flurry of chaotic motions practice, the Court issued an order to show cause ("OSC") why this action should not be dismissed for the same reasons as many of Plaintiff's earlier, similar actions. (Doc. 38.)

Here, Plaintiff names three government officials (the Maricopa County Attorney, Arizona's secretary of state, and a judge of the Maricopa County Superior Court) and two governmental entities (the State of Arizona and Maricopa County) as defendants. (Doc. 1 ¶¶ 16,17.) The complaint alleges that Plaintiff was a candidate for the office of Maricopa County Attorney during the November 2020 election and sought to challenge the results of that election, but when Plaintiff filed his election contest in Maricopa County Superior Court, the assigned judge "interfered" and "acted to prevent Plaintiff's petition from being filed" before issuing a December 15, 2020 minute entry denying Plaintiff's petition. (*Id.* ¶¶ 27-34.)

Plaintiff was ordered to "show cause why each of his claims in this action should not be dismissed." (Doc. 38 at 5.) To comply with the OSC, Plaintiff was required, "for

each claim and each defendant," to "(i) identify the elements of the claim, (ii) identify the facts alleged in the complaint that would plausibly establish an entitlement to relief, and (iii) explain why the various immunity doctrines and other defenses that have been invoked and explained in the orders dismissing [Plaintiff's] many earlier lawsuits (including judicial immunity and Eleventh Amendment immunity) do not preclude the claims being asserted here." (*Id.*) Plaintiff was warned that if he "did not file the required memorandum within 14 days of the issuance of this order, the Clerk of Court shall dismiss the complaint and enter judgment accordingly." (*Id.*)

In his response to the OSC, Plaintiff makes no effort to address the required topics. (Doc. 39.) Instead, Plaintiff asserts that "he respectfully declines the opportunity to provide this Court with the 'required memorandum'" because he "believes the [OSC] may result from a docketing error, miscommunication, or misunderstanding." (*Id.* at 3, 5.) Plaintiff also asserts that he "entered into a contractual relationship with the United States Federal Government" and that his complaint "substantially complies with FRCP Rule 8." (*Id.*)

Needless to say, Plaintiff did not come anywhere close to complying with the OSC. This failure warrants dismissal.

It is well established that, under Rule 41(b) of the Federal Rules of Civil Procedure (as well as pursuant to the Court's inherent authority), a district court has authority to dismiss an action for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether Plaintiff's violation of court orders warrants dismissal, the

Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. Plaintiff's failure to respond to the OSC prevents the case from proceeding in the foreseeable future and raises significant questions as to whether Plaintiff's claims are subject to dismissal under Rules 12(b)(1) and/or 12(b)(6). The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to comply with court orders as an adjudication upon the merits "[u]nless the dismissal order states otherwise." Here, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Additionally, because at least some of seeming defects in Plaintiff's complaint (which Plaintiff failed to address in his response to the OSC) pertain to subject-matter jurisdiction, it would be anomalous to dismiss with prejudice in this circumstance. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice. The theory undergirding the general rule is that 'the merits have not been considered' before dismissal.") (citations omitted).

Accordingly,

**IT IS ORDERED** that this action is dismissed without prejudice. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 29th day of March, 2022.

Dominic W. Lanza
United States District Judge